# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2010

No. 09-11237
Summary Calendar

Lyle W. Cayce
Clerk

CLETIS DONNELL ANDERSON, JR.,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-96

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cletis Donnell Anderson, Jr., federal prisoner # 33797-048, appeals the summary-judgment dismissal of his Federal Tort Claims Act (FTCA) lawsuit against the United States for negligence resulting from the delay of a professionally recommended hernia repair surgery.

This court reviews de novo the district court's grant of summary judgment. *Whittaker v. BellSouth Telecomms., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is appropriate if the evidence shows that "there is no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346(b)(1), 2674. State law controls the liability for medical malpractice under the FTCA. *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985). Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is generally required to prove the applicable standard of care. *Id.* Expert testimony is not necessary where "the mode or form of treatment is a matter of common knowledge or is within the experience of the layman." *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

Because the mode of treatment for an inguinal hernia is not a matter of common knowledge or within the general experience of a layman, Anderson was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard. *See Hood,* 554 S.W.2d at 165-66. Anderson, however, failed to provide expert testimony regarding the applicable standard of care. Anderson therefore has not shown that there is a genuine issue of material fact as to the standard of care. *See* FED. R. CIV. P. 56(c)(2). Accordingly, the judgment of the district court is AFFIRMED.